**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER WAGNER<br>Plaintiff,<br><br>v.<br><br>KENNETH LAWLESS, individually and in his official capacity as Chief of Police of the Borough of Morton;<br><br>THE ESTATE OF FRANCIS COLLIER, Deceased; and<br><br>BOROUGH OF MORTON,<br><br>Defendants. | CIVIL ACTION<br><br>No. _______________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Christopher Wagner, by and through his undersigned counsel, brings this civil rights action against Defendants Kenneth Lawless, the Estate of Francis Collier, Deceased, and the Borough of Morton, and in support thereof avers as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 arising out of the violent and unlawful seizure of Plaintiff Christopher Wagner on August 19, 2025, in the Borough of Morton, Delaware County, Pennsylvania.

2. Plaintiff was riding an electric bicycle home from work when an unmarked private vehicle, operated by an off duty Kenneth Lawless, then the Chief of Police of the Borough of Morton, pulled directly into his path of travel without signaling. When Plaintiff verbally objected to the manner in which the vehicle had been operated, Lawless swerved his

vehicle toward Plaintiff, nearly striking him, then identified himself as the Chief of Police, threatened Plaintiff with arrest, and summoned an on duty officer of his own department to seize him.

3. The officer Lawless summoned, Francis Collier, arrived and, in the presence of and at the direction of Lawless, slammed Plaintiff to the ground, deployed a taser against him, stood on his back while he lay prone and under control, and handcuffed him. Plaintiff was unarmed, was not fleeing, was not resisting, and was suspected at most of a summary traffic offense.

4. Plaintiff was then confined in a cell at the Morton Police Department, transported to a facility in Springfield for fingerprinting and processing, transported back to Morton, and held in custody for approximately two hours before being released and told that citations would follow.

5. The citations that were eventually issued to Plaintiff were not supported by probable cause. They were issued to manufacture after the fact justification for the assault Plaintiff had suffered and to insulate the Chief of Police from accountability for his own conduct on the roadway. Every citation was subsequently dismissed.

6. Plaintiff brings claims under the Fourth and Fourteenth Amendments to the United States Constitution for excessive force, false arrest and false imprisonment, and malicious prosecution, and a claim of municipal liability against the Borough of Morton. Plaintiff seeks compensatory damages, punitive damages against the individual Defendant, and attorney fees and costs pursuant to 42 U.S.C. § 1988.

## II. JURISDICTION AND VENUE

7. This action arises under the Constitution and laws of the United States, specifically the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers jurisdiction over civil actions arising under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343, which confers jurisdiction over actions to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

9. This Court has authority to award attorney fees and costs pursuant to 42 U.S.C. § 1988, and to award declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because all Defendants reside in this District and because all of the events and omissions giving rise to Plaintiff's claims occurred in the Borough of Morton, Delaware County, Pennsylvania, which lies within this District.

11. Assignment to the Court's designated place of holding court for actions arising in Delaware County is appropriate under the Local Rules of this Court.

## III. PARTIES

12. Plaintiff Christopher Wagner is an adult individual and a citizen of the Commonwealth of Pennsylvania. At all times relevant to this Complaint, Plaintiff was a person within the meaning of 42 U.S.C. § 1983 and was entitled to the full protection of the Fourth and Fourteenth Amendments to the United States Constitution.

13. Defendant Kenneth Lawless is an adult individual and, at all times relevant to this Complaint, was employed by the Borough of Morton as the Chief of Police of the Morton Police Department, holding badge number 930. He is sued in his individual capacity and in his official capacity as Chief of Police. At all times relevant to this Complaint, Lawless acted under color of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Pennsylvania and the Borough of Morton, and within the scope of his employment as a police officer and as the chief policymaking official of the Morton Police Department.

14. Defendant the Estate of Francis Collier, Deceased, is named as the successor in interest to Francis Collier, who at all times relevant to this Complaint was a duly appointed and sworn police officer of the Morton Police Department, holding badge number 9331, and who acted under color of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Pennsylvania and the Borough of Morton, and within the scope of his employment as a police officer. Officer Collier is deceased, having died at a date after the incident described in this Complaint.

15. Plaintiff's claims against Officer Collier survive his death. Under 42 U.S.C. § 1988(a), federal civil rights claims are governed by the survival law of the forum state where that law is not inconsistent with the Constitution and laws of the United States, and under Pennsylvania law all causes of action survive the death of the defendant. See 42 Pa. C.S. § 8302. Upon identification of the duly appointed personal representative of the Estate of Francis Collier, Plaintiff will move promptly for substitution of the proper party pursuant to Rule 25 of the Federal Rules of Civil Procedure.

16. Defendant Borough of Morton is a municipal corporation and political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania, located in Delaware County, Pennsylvania. The Borough of Morton operates, maintains, funds, supervises, and controls the Morton Police Department. The Borough of Morton is a person within the meaning of 42 U.S.C. § 1983 and is liable for constitutional deprivations caused by its policies, customs, and the decisions of its final policymakers.

17. At all times relevant to this Complaint, each individual Defendant acted under color of state law and acted jointly and in concert with the other in causing the deprivations of Plaintiff's constitutional rights described in this Complaint.

## IV. FACTUAL ALLEGATIONS

### A. The Roadway Encounter

18. On August 19, 2025, Plaintiff Christopher Wagner completed his shift at his place of employment in the Borough of Morton, Delaware County, Pennsylvania, and departed for home riding an electric bicycle.

19. Plaintiff's route of travel took him onto a public roadway in the Borough of Morton in the immediate vicinity of, and directly across from, the Morton Police Department building.

20. Plaintiff was riding lawfully, in a reasonable and prudent manner, and was not engaged in any criminal conduct.

21. As Plaintiff proceeded along the roadway, a passenger motor vehicle pulled out directly into Plaintiff's path of travel. The operator of that vehicle did not activate a turn signal before doing so and did not yield to Plaintiff, who had the right of way.

22. Plaintiff was required to take evasive action to avoid colliding with the vehicle.

23. The operator of the vehicle then accused Plaintiff of having disregarded a stop sign. That accusation was false.

24. Plaintiff responded verbally, objecting loudly to the operator's failure to use a turn signal and to the operator's failure to yield. Plaintiff's speech was protected by the First Amendment to the United States Constitution and was not a crime.

25. In response to Plaintiff's verbal objection, the operator of the vehicle deliberately swerved the vehicle toward Plaintiff, coming within inches of striking him and placing Plaintiff in reasonable apprehension of imminent serious bodily injury or death.

26. The operator of the vehicle was Defendant Kenneth Lawless, the sitting Chief of Police of the Borough of Morton.

27. At the time of this encounter, Lawless was off duty. He was operating an unmarked private vehicle. He was not wearing a police uniform. The vehicle bore no police markings, no emergency lights, and no other indicia of law enforcement authority.

28. Lawless was, at the time of the encounter, the aggressor and the party at fault in a roadway dispute of his own creation. He had no reasonable suspicion and no probable cause to believe that Plaintiff had committed any offense.

**B. The Chief of Police Summons an Officer to Arrest Plaintiff**

29. Rather than de escalating or disengaging, Lawless invoked his office. He identified himself to Plaintiff as the Chief of Police of the Borough of Morton and threatened Plaintiff with arrest.

30. From that moment forward, Lawless exercised the authority of his office. His conduct was undertaken under color of state law notwithstanding his off duty status, because he

identified himself as a police officer, invoked his police authority, threatened the exercise of the arrest power, and summoned and directed on duty officers of the department he commanded.

31. Lawless then contacted the Morton Police Department and summoned an on duty officer to the scene for the express purpose of causing Plaintiff to be arrested.

32. The officer who responded was Francis Collier, badge number 9331, a sworn officer of the Morton Police Department then on duty and in uniform.

33. Officer Collier responded to the scene at the direction of the Chief of Police, his commanding officer, and acted at all times with the knowledge, direction, participation, approval, and encouragement of Lawless.

34. Neither Lawless nor Collier possessed probable cause to believe that Plaintiff had committed any offense. At most, and only if Lawless's false account were credited, Plaintiff was suspected of a summary traffic violation, an offense for which no custodial arrest was warranted.

**C. The Use of Force**

35. At the time the officers seized him, Plaintiff was unarmed.

36. At the time the officers seized him, Plaintiff was not fleeing and made no attempt to flee.

37. At the time the officers seized him, Plaintiff was not resisting and made no attempt to resist.

38. At the time the officers seized him, Plaintiff posed no immediate threat to the safety of any officer or any other person.

39. At the time the officers seized him, Plaintiff was not suspected of any violent crime, any felony, or any offense involving a weapon.

40. Notwithstanding the foregoing, Officer Collier violently slammed Plaintiff to the ground.

41. Officer Collier then deployed a taser against Plaintiff, causing Plaintiff to suffer electric shock, neuromuscular incapacitation, burns, and severe pain.

42. While Plaintiff lay prone on the ground, incapacitated, subdued, and under the complete physical control of the officers, Officer Collier placed his foot on Plaintiff's back and stood on him, applying his body weight to Plaintiff's back and compressing Plaintiff's torso against the ground.

43. Officer Collier then handcuffed Plaintiff and placed him in a police vehicle.

44. Each of these applications of force was objectively unreasonable under the totality of the circumstances confronting the officers, was excessive and disproportionate to any legitimate law enforcement objective, and was applied to a person who was compliant and posed no threat.

45. The taser deployment and the act of standing on the back of a prone and restrained person were, in addition, contrary to generally accepted police practices, contrary to nationally recognized standards governing the use of conducted electrical weapons, and contrary to well established principles prohibiting the compression of the torso of a person in a prone position.

46. Defendant Lawless was present at the scene during the use of force described above.

47. Defendant Lawless summoned the officer who applied that force, directed that Plaintiff be arrested, personally supplied the false accusation on which the seizure was predicated, and thereby set in motion the events that he knew or reasonably should have known would cause Plaintiff to be seized and subjected to force.

48. Defendant Lawless, as the Chief of Police present at the scene and as the commanding officer of the officer applying the force, had both the authority and a realistic opportunity to stop the use of force against Plaintiff. He did not do so. He instead approved, ratified, encouraged, and acquiesced in it.

**D. The Detention**

49. Following his arrest, Plaintiff was transported to the Morton Police Department and placed in a holding cell.

50. Plaintiff was thereafter transported from the Morton Police Department to a police facility in Springfield, Delaware County, Pennsylvania, for the purpose of fingerprinting and booking.

51. At the Springfield facility, Plaintiff was fingerprinted and processed as an arrestee.

52. Plaintiff was then transported back to the Morton Police Department.

53. In total, Plaintiff was held in custody, deprived of his liberty, and unable to leave for a period of approximately two hours.

54. At no point during his detention was Plaintiff advised of any lawful basis for his arrest supported by probable cause.

55. Upon his release, Plaintiff was told that he would be receiving citations.

**E. The Charges and Their Dismissal**

56. Citations were thereafter issued against Plaintiff arising out of the incident of August 19, 2025.

57. The charges set forth in those citations were initiated by Defendants Lawless and Collier, who caused the charges to be filed, supplied the factual allegations on which the charges rested, and directed the institution of the proceedings against Plaintiff.

58. The factual allegations supplied by Defendants in support of the charges were false. Defendants knew them to be false, or made them with reckless disregard for their truth, and Defendants withheld and concealed material exculpatory facts, including the fact that Lawless had pulled out in front of Plaintiff without signaling, had failed to yield the right of way, and had swerved his vehicle toward Plaintiff.

59. No reasonable officer in the position of Defendants could have believed that probable cause existed to charge Plaintiff with any offense.

60. Defendants initiated the charges against Plaintiff for purposes other than bringing an offender to justice. Defendants acted maliciously, and specifically for the purposes of creating a pretextual justification for the seizure of Plaintiff and the force used against him, of shielding Defendant Lawless from scrutiny of and accountability for his own conduct on the roadway, of retaliating against Plaintiff for his verbal criticism of Lawless, and of discouraging Plaintiff from pursuing a complaint.

61. As a direct result of the charges, Plaintiff suffered a deprivation of liberty consistent with the concept of seizure, including his custodial arrest, the use of force against him, his transportation between two police facilities, his booking and fingerprinting, his confinement for approximately two hours, and his subsequent obligation to answer and defend the charges brought against him.

62. All of the citations issued against Plaintiff were dismissed.

63. The criminal proceedings against Plaintiff terminated in his favor and in a manner not inconsistent with his innocence.

**F. Injuries and Damages**

64. As a direct and proximate result of the conduct of Defendants described above, Plaintiff suffered and continues to suffer serious injury, including physical injury, taser puncture wounds and burns, contusions, abrasions, musculoskeletal injury, and physical pain and suffering.

65. As a direct and proximate result of the conduct of Defendants described above, Plaintiff suffered and continues to suffer emotional distress, mental anguish, anxiety, fear, humiliation, embarrassment, indignity, loss of sleep, and loss of the enjoyment of life.

66. As a direct and proximate result of the conduct of Defendants described above, Plaintiff suffered the loss of his liberty and freedom of movement, damage to his reputation in the community, and the expense, burden, and anxiety of defending against baseless criminal charges.

67. Plaintiff has incurred and will continue to incur medical expenses, legal expenses, and other economic losses as a direct and proximate result of Defendants' conduct.

68. The conduct of Defendant Lawless, and the conduct of Officer Collier, was intentional, willful, wanton, malicious, and reckless, and evidenced a callous and deliberate indifference to Plaintiff's clearly established federal constitutional rights, thereby warranting the imposition of punitive damages against Defendant Lawless and against the Estate of Francis Collier to the extent permitted by law.

**COUNT I**

**Violation of 42 U.S.C. § 1983**

**Excessive Force in Violation of the Fourth and Fourteenth Amendments**

**Plaintiff v. Defendant Kenneth Lawless and the Estate of Francis Collier, Deceased**

69. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

70. The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees the right of the people to be secure in their persons against unreasonable searches and seizures, and prohibits the use of objectively unreasonable force in effecting a seizure.

71. Plaintiff was seized within the meaning of the Fourth Amendment when Officer Collier slammed him to the ground, deployed a taser against him, stood on his back, handcuffed him, and placed him in a police vehicle.

72. The force applied to Plaintiff was objectively unreasonable under the totality of the circumstances. The offense of which Plaintiff was suspected, if any, was a minor summary matter. Plaintiff posed no immediate threat to the safety of the officers or of any other person. Plaintiff was neither actively resisting arrest nor attempting to evade arrest by flight. No reasonable officer confronting these circumstances would have believed that slamming Plaintiff to the ground, tasing him, and standing on his back was lawful.

73. The continued application of force after Plaintiff was on the ground, incapacitated, and under the officers' complete control, including the act of standing on Plaintiff's back, was gratuitous, punitive, and objectively unreasonable, and served no legitimate law enforcement purpose.

74. Officer Collier personally applied the unconstitutionally excessive force described above.

75. Defendant Lawless is personally liable for the excessive force applied to Plaintiff because he directed and caused Plaintiff's seizure, summoned the officer who applied the force, supplied the false accusation that precipitated the force, was present at the scene while the force was applied, had the authority and a realistic opportunity to intervene to prevent the force, knowingly failed to do so, and instead approved, encouraged, ratified, and acquiesced in the use of that force.

76. At the time of the conduct described above, the constitutional right of an individual to be free from the use of significant force, including the deployment of a taser and the application of body weight to the back of a prone and restrained person, when that individual is suspected of at most a minor offense, is not resisting, is not fleeing, and poses no threat, was clearly established, and every reasonable officer would have understood that the conduct described above violated that right.

77. The conduct of Defendants was the direct and proximate cause of the injuries and damages suffered by Plaintiff as described in this Complaint.

## COUNT II

**Violation of 42 U.S.C. § 1983**

**False Arrest and False Imprisonment in Violation of the Fourth and Fourteenth Amendments**

**Plaintiff v. Defendant Kenneth Lawless and the Estate of Francis Collier, Deceased**

78. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

79. The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, prohibits the arrest and detention of a person without probable cause.

80. Defendants caused Plaintiff to be arrested and detained without a warrant.

81. At the time of Plaintiff's arrest, Defendants lacked probable cause, and lacked even arguable probable cause, to believe that Plaintiff had committed any criminal offense.

82. The information available to Defendants at the time of the arrest, viewed objectively and in its totality, would not have warranted a reasonable officer in believing that Plaintiff had committed an offense. The only accusation against Plaintiff originated with Defendant Lawless, who was himself the at fault party in the roadway encounter, whose accusation was false, and who had a manifest personal motive to fabricate it.

83. Defendant Lawless caused Plaintiff's arrest by summoning an on duty officer for the express purpose of arresting Plaintiff, by supplying the false factual predicate for the arrest, and by directing that the arrest occur, all while exercising the authority of his office as Chief of Police.

84. Officer Collier effected the arrest, transported Plaintiff, and caused his confinement, without probable cause and without lawful justification.

85. As a result of Defendants' conduct, Plaintiff was confined in a holding cell, transported to a separate police facility, fingerprinted and booked, transported back, and deprived of his liberty and freedom of movement for approximately two hours, all without his consent and without lawful authority.

86. Plaintiff was at all times aware of his confinement and did not consent to it.

87. At the time of the conduct described above, the constitutional right of an individual to be free from arrest and detention absent probable cause was clearly established, and every reasonable officer would have understood that the conduct described above violated that right.

88. The conduct of Defendants was the direct and proximate cause of the injuries and damages suffered by Plaintiff as described in this Complaint.

**COUNT III**

**Violation of 42 U.S.C. § 1983**

**Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments**

**Plaintiff v. Defendant Kenneth Lawless and the Estate of Francis Collier, Deceased**

89. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

90. Defendants initiated and caused the initiation of criminal proceedings against Plaintiff by issuing and causing to be issued citations charging Plaintiff with offenses arising out of the incident of August 19, 2025, and by supplying the false factual allegations on which those charges rested.

91. The criminal proceedings so initiated terminated in Plaintiff's favor. All of the citations issued against Plaintiff were dismissed. Plaintiff was not convicted of any offense arising out of the incident, and the termination of the proceedings was not inconsistent with his innocence.

92. Defendants initiated the proceedings without probable cause. The allegations supporting the charges were fabricated, were known by Defendants to be false or were made with

reckless disregard for the truth, and material exculpatory information was deliberately omitted and concealed.

93. Defendants acted maliciously and for a purpose other than bringing Plaintiff to justice, including for the purpose of retroactively justifying an unlawful seizure and an excessive use of force, of protecting the Chief of Police from accountability for his own conduct, of retaliating against Plaintiff for his protected speech, and of deterring Plaintiff from complaining about the treatment he received.

94. As a direct consequence of the initiation of the criminal proceedings, Plaintiff suffered a deprivation of liberty consistent with the concept of seizure, including his warrantless custodial arrest, the force used to effect it, his transportation between police facilities, his booking and fingerprinting, his confinement for approximately two hours, and the restrictions and obligations imposed upon him by the pendency of the charges, including the obligation to appear and to defend.

95. At the time of the conduct described above, the constitutional right of an individual to be free from criminal proceedings initiated maliciously and without probable cause was clearly established, and every reasonable officer would have understood that the conduct described above violated that right.

96. The conduct of Defendants was the direct and proximate cause of the injuries and damages suffered by Plaintiff as described in this Complaint.

## COUNT IV

**Violation of 42 U.S.C. § 1983**

**Municipal Liability**

**Plaintiff v. Defendant Borough of Morton**

97. Plaintiff incorporates by reference each of the preceding paragraphs of this Complaint as though fully set forth at length herein.

98. A municipality is liable under 42 U.S.C. § 1983 where the execution of its policy or custom, or a decision of an official with final policymaking authority in the relevant area, inflicts a constitutional injury. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

99. At all times relevant to this Complaint, Defendant Kenneth Lawless was the Chief of Police of the Borough of Morton and was the official vested by the Borough of Morton with final policymaking authority over the operations of the Morton Police Department, including the training, supervision, and discipline of its officers, the use of force by its officers, the effectuation of arrests, and the institution of charges.

100. Because Lawless held final policymaking authority in these areas, his decisions constituted the official policy of the Borough of Morton. His decision on August 19, 2025, to summon an on duty officer to seize Plaintiff, his direction that Plaintiff be arrested, his approval of and acquiescence in the force used against Plaintiff in his presence, and his decision that charges be brought against Plaintiff, each constituted an act of the Borough of Morton itself.

101. In the alternative, and to the extent that Lawless did not exercise final policymaking authority in the first instance, the Borough of Morton ratified his conduct and the conduct of Officer Collier. Officials of the Borough with final authority were aware of the incident and of the basis for it, took no corrective action, imposed no discipline, conducted no

meaningful investigation, permitted the charges against Plaintiff to be pursued, and thereby approved both the conduct and the reasons for it.

102. The Borough of Morton failed to train its officers adequately with respect to the constitutional limitations on the use of force, including the use of conducted electrical weapons and the dangers of applying body weight to the torso of a prone and restrained person, with respect to the requirement of probable cause for a custodial arrest, and with respect to the duty of an officer to intervene to prevent the use of excessive force by another officer, including by a superior officer.

103. The Borough of Morton failed to supervise and discipline its officers adequately, and maintained no meaningful mechanism by which the conduct of the Chief of Police himself could be investigated or disciplined, with the result that the Chief of Police was free to invoke the powers of his office to resolve a personal dispute of his own making without any prospect of review or consequence.

104. The need for such training, supervision, and discipline was obvious, and the failure of the Borough of Morton to provide it reflected deliberate indifference to the constitutional rights of persons with whom its officers, and its Chief of Police, would come into contact.

105. The policies, customs, practices, decisions, ratification, and failures described above were the moving force behind and the direct and proximate cause of the violations of Plaintiff's constitutional rights and of the injuries and damages he suffered.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Christopher Wagner respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, and grant the following relief:

a. Compensatory damages against all Defendants, jointly and severally, in an amount in excess of the jurisdictional limits for compulsory arbitration, to be determined at trial;

b. Punitive damages against Defendant Kenneth Lawless in his individual capacity, and against the Estate of Francis Collier, Deceased, to the extent permitted by law, in an amount sufficient to punish and to deter;

c. A declaration that the conduct of Defendants described in this Complaint violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

d. Reasonable attorney fees, expert fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 1988;

e. Pre judgment and post judgment interest as permitted by law; and

f. Such other and further relief as this Honorable Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Christopher Wagner hereby demands a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

August 25, 2026

Respectfully submitted,

*/s/ Brian J. Zeiger, Esq.*

BRIAN J. ZEIGER, ESQ.
Pa. ID No. 87063
zeiger@levinzeiger.com

Levin & Zeiger, LLP
Two Penn Center
1500 JFK Blvd, Suite 620
Philadelphia, PA 19102
(215) 546-0340